IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV. NO: |
| v. | ) ) | **COMPLAINT** |
| REAL TIME STAFFING SERVICES, INC., d/b/a SELECT STAFFING | ) ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other similarly situated female employees of Defendant Real Time Staffing Services, Inc., d/b/a Select Staffing ("Select Staffing"), who were adversely affected by such practices during their employment with Defendant. The Commission alleges that Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other similarly situated female employees of Select Staffing were employees assigned by Select Staffing to work at the City of Albuquerque Police Department ("APD") in the Inspection of Public Records Act Unit ("IPRA") in 2014 and 2015. As described with greater particularity below, the Commission alleges that Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other similarly situated female employees of Defendant were subjected to sexual harassment by supervisory or

managerial officials and/or co-workers in the APD IPRA Unit, including, but not limited to, unwelcome verbal harassment and unwelcome physical touching which created a hostile work environment for them because of their sex, female. The Commission further alleges that Select Staffing failed to promptly remedy or prevent the unlawful employment practices which adversely affected its employees.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Select Staffing has continuously been a California corporation doing business in the State of New Mexico and the City of Albuquerque and has continuously had more than 500 employees in the United States.

5.      At all relevant times, Select Staffing has procured employees for a covered employer within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

6. At all relevant times, Select Staffing has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Roberta Archuleta, Tiffani Dix, Barbara Houston, and Christella Sanchez filed charges with the Commission alleging violations of Title VII by Select Staffing.

8. On March 7, 2018, the Commission issued to Select Staffing Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 31, 2018, the Commission issued to Select Staffing a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Select Staffing a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least September 2014, Select Staffing has engaged in unlawful employment practices in Albuquerque, New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) because of sex.

12. Select Staffing employed Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other similarly situated female employees, and Select Staffing placed them

at APD's Inspection of Public Records Act Unit beginning in or around September 2014 and continuing into 2015.

13. During the time it placed employees in APD's Inspection of Public Records Act Unit, Select Staffing negligently failed take immediate and appropriate corrective actions to remedy or prevent a hostile or offensive work environment created by verbal and physical sexual harassment suffered by Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other similarly situated female employees because of their sex, female. For example, women assigned to APD's IPRA Unit were subjected to unwelcome sexual conduct, including but not limited to:

- Touching, slapping, hitting or kicking of their buttocks and other body parts;
- Grabbing or touching of women's breasts;
- Comments about women's breasts;
- Calling women offensive names, including for example, "whore," "prostitutes," "hookers," "cunt," and "sluts;"
- Referring to women as "stupid," "dumb," "dumb broads," or other similarly demeaning terms;
- Throwing objects at women to further demean them; and
- Constant sexual remarks, sexual jokes, and sexual innuendo.

14. Since at least September 2014, Select Staffing knew or in the exercise of reasonable care should have known of the hostile or offensive work environment because of sex that was suffered by Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other

similarly situated female employees assigned to APD's IPRA Unit. The women repeatedly complained to Select Staffing about the hostile or offensive work environment, but Select Staffing negligently failed to take timely preventative or remedial actions.

15. The effect of the practices complained of in paragraphs 11-14 above has been to deprive by Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

16. The unlawful employment practices complained of in paragraphs 11-14 above were intentional.

17. The unlawful employment practices complained of in paragraph 11-14 above were done with malice and/or with reckless indifference to the federally protected rights of Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other female employees of Select Staffing.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Select Staffing, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it from engaging in any practice that permits the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B. Order Select Staffing to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination.

C. Order Select Staffing to make whole Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above, in amounts to be determined at trial.

D. Order Select Staffing to make whole Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-14 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

E. Order Select Staffing to pay Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and other aggrieved female employees punitive damages for its malicious and/or reckless conduct described in paragraphs 11-14 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 13th day of June 2018.

Respectfully submitted,

*Electronically Filed*

*/s/ LORETTA MEDINA*
Supervisory Trial Attorney


Jeff A. Lee
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230
(505) 248-5210

Attorneys for Plaintiff


**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**