IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  and<br><br>ROBERTA ARCHULETA, TIFFANI DIX, CHRISTELLA SANCHEZ, and BARBARA HOUSTON,<br><br>    Intervenor-Plaintiffs,<br><br>  v.<br><br>REAL TIME STAFFING SERVICES, LLC, f/k/a REAL TIME STAFFING SERVICES, INC., and EMPLOYMENT SOLUTIONS MANAGEMENT, INC., and EMPLOYBRIDGE LLC F/K/A NEW KOOSHAREM CORPORATION, d/b/a SELECT STAFFING<br><br>    Defendants. | Case No. 1:18-cv-00541-JAP-KBM<br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Real Time Staffing Services, LLC, EmployBridge, LLC, and Employment Solutions Management, Inc. (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and for their Answer to Plaintiff Equal Employment Opportunity Commission's First Amended Complaint ("EEOC's FAC"), state as follows. The paragraph numbers below correspond to the paragraph numbers of the FAC.

### JURISDICTION AND VENUE

1. Defendants admit that Plaintiff EEOC purports to invoke the jurisdiction of this Court and institute the instant lawsuit pursuant to the cited statutes.

55930522v.5

2. Defendants admit that venue is proper in this judicial district.

## PARTIES

3. Defendants admit that Plaintiff EEOC is an agency of the United States of America. Paragraph 3 of the FAC contains conclusions of law to which no response is required. To the extent further response is required, Defendants deny the remaining allegations in Paragraph 3 of the FAC.

4. Defendants admit that Defendant Real Time Staffing Services, LLC employed Intervenor-Plaintiffs Roberta Archuleta, Tiffani Dix, Barbara Houston and Christella Sanchez. Paragraph 4 of the FAC contains conclusions of law to which no response is required. To the extent further response is required, Defendants deny the remaining allegations in Paragraph 4 of the FAC.

    a. Defendants admit that Defendant Real Time Staffing Services, LLC has been doing business in the State of New Mexico and the City of Albuquerque and has had more than 500 employees in the United States. Defendants admit that Defendant Real Time Staffing Services, LLC paid Intervenor-Plaintiffs Roberta Archuleta, Tiffani Dix, Barbara Houston and Christella Sanchez. Defendants deny the remaining allegations in Paragraph 4(a) of the FAC.

    b. Defendants admit that New Koosharem Corporation was a Delaware corporation with its principal place of business located at 3820 State Street, Santa Barbara, California, 93105. Defendants deny the remaining allegations in Paragraph 4(b) of the FAC.

    c. Defendants admit that Catherine Olinger at times held the position of branch manager of the Select Staffing office in Albuquerque, New Mexico. Defendants deny the remaining allegations in Paragraph 4(c) of the FAC.

      d.      Defendants admit that Defendant Employment Solutions Management, Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

      e.      Defendants deny the allegations in Paragraph 4(e) of the FAC.

      f.      Defendants admit that Employment Solutions Management, Inc. is licensed to do business in the State of New Mexico. Defendants deny the remaining allegations in Paragraph 4(f) of the FAC.

      g.      Defendants admit that Catherine Olinger at times held the position of branch manager at the Select Staffing office in Albuquerque, New Mexico. Defendants deny the remaining allegations in Paragraph 4(g) of the FAC.

      h.      Defendants admit that Defendant EmployBridge, LLC had notice of the charges of discrimination filed with the EEOC by Intervenor-Plaintiffs Roberta Archuleta, Tiffani Dix, Barbara Houston and Christella Sanchez. Defendants deny the remaining allegations in Paragraph 4(h) of the FAC.

      i.      Defendants deny the allegations in Paragraph 4(i) of the FAC.

      j.      Defendants admit that Defendant Real Time Staffing Services, LLC employed Intervenor-Plaintiffs Roberta Archuleta, Tiffani Dix, Barbara Houston and Christella Sanchez. Defendants deny the remaining allegations in Paragraph 4(j) of the FAC.

      k.      Defendants admit that Defendant Real Time Staffing Services, LLC conducted business in the State of New Mexico under the brand or trade name "Select Staffing," at the branch office located at 6121 Indian School Road in Albuquerque, New Mexico. Defendants deny the remaining allegations in Paragraph 4(k) of the FAC.

5. Defendants admit the allegations in Paragraph 5 of the FAC, as same pertain to Defendant Real Time Staffing Services, LLC. Defendants deny the remaining allegations in Paragraph 5 of the FAC.

6. Defendants admit the allegations in Paragraph 6 of the FAC.

7. Defendants admit the allegations in Paragraph 7 of the FAC.

8. Defendants admit that on March 7, 2018, Plaintiff EEOC issued Letters of Determination to Select Staffing, purporting to have found reasonable cause to believe that Title VII was violated and inviting Select Staffing to join with Plaintiff EEOC in informal methods of conciliation to attempt to eliminate alleged unlawful practices and provide appropriate relief. Defendants deny that they engaged in any unlawful employment practices.

9. Defendants admit that on May 31, 2018, Plaintiff EEOC issued to Select Staffing letters purporting to be notices required by § 1601.25 of Plaintiff EEOC's Regulations stating that Plaintiff EEOC had determined that efforts to conciliate certain charges as required by Title VII of the Civil Rights Act of 1964 had been unsuccessful, that no further efforts to conciliate the charges would be made and that the charges were being transferred to Plaintiff EEOC's legal unit for possible litigation. Defendants deny the remaining allegations in Paragraph 9 of the FAC.

10. Paragraph 10 of the FAC contains conclusions of law to which no response is required. To the extent further response is required, Defendants deny the allegations in Paragraph 10 of the FAC.

11. Defendants deny the allegations in Paragraph 11 of the FAC.

12.   Defendants admit that Defendant Real Time Staffing Services, LLC employed Roberta Archuleta, Tiffani Dix, Barbara Houston, and Christella Sanchez and placed them at APD's Inspection of Public Records Act Unit beginning in or around September 2014 and continuing into 2015.  Defendants deny the remaining allegations in Paragraph 12 of the FAC.

13.   Defendants deny the allegations in Paragraph 13 of the FAC, as same pertain to these answering Defendants.

14.   Defendants deny the allegations in Paragraph 14 of the FAC.

15.   Defendants deny the allegations in Paragraph 15 of the FAC, as same pertain to these answering Defendants.

16.   Defendants deny the allegations in Paragraph 16 of the FAC, as same pertain to these answering Defendants.

17.   Defendants deny the allegations in Paragraph 17 of the FAC, as same pertain to these answering Defendants.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff EEOC is entitled to the relief prayed for herein. Defendants deny every remaining allegation in the FAC that has not been separately and specifically denied.

## JURY TRIAL DEMANDED

Defendants demand a jury trial as to all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the admissions, denials and other responses set forth above, Defendants also assert the following affirmative and other defenses.  In pleading these defenses, Defendants

55930522v.5

do not assume any burdens of production or proof that they would not otherwise have. Further, Defendants specifically reserve the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

### FIRST DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part and/or this Court lacks jurisdiction over one or more of the claims alleged in the FAC to the extent that the EEOC has failed to comply with jurisdictional prerequisites for commencing this action.

### THIRD DEFENSE

To the extent that claims asserted by Plaintiff EEOC arose more than 300 days before the first charge was filed, such claims are time barred by the statute of limitations.

### FOURTH DEFENSE

To the extent that claims asserted by Plaintiff EEOC are based on acts that occurred prior to any applicable statute of limitations, such claims are time barred.

### FIFTH DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part because the allegedly aggrieved individuals failed to provide Defendants with notice of inappropriate behavior, and because, when properly notified, Defendants exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and the allegedly aggrieved individuals

unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## SIXTH DEFENSE

To the extent Plaintiff EEOC alleges that any of Defendants' employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendants, and was undertaken without the knowledge or consent of Defendants. Thus, Defendants are not liable for any such conduct, if it occurred.

## SEVENTH DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part because any employment acts or omissions of Defendants were undertaken for legitimate, non-discriminatory, and non-pretextual reasons.

## EIGHTH DEFENSE

Defendants have acted in good faith and established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices as required by law. Plaintiff EEOC's claims for punitive damages are therefore barred.

## NINTH DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part because it seeks relief for discrete acts which cannot fall within the continuing violation doctrine and are therefore time barred.

55930522v.5

### TENTH DEFENSE

The claims asserted by Plaintiff EEOC, and damages sought therefore, are barred in whole or in part because one or more allegedly aggrieved individuals failed to properly mitigate or reasonably attempt to mitigate her or his damages, if any, as required by law.

### ELEVENTH DEFENSE

The claims asserted by Plaintiff EEOC are barred in whole or in part by the doctrine of laches because such claims have been waived, discharged, and/or abandoned.

### TWELFTH DEFENSE

Any damages should be set off against amounts received by any alleged aggrieved individual.

### THIRTEENTH DEFENSE

The claims asserted by Plaintiff EEOC for damages are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in 42 U.S.C. § 1981a(b)(3) for claims under Title VII.

WHEREFORE, Defendants respectfully request that the Court dismiss with prejudice Plaintiff EEOC's FAC in its entirety and award Defendants their reasonable costs, expenses, and any and all other relief the Court deems just and proper.

DATED: April 11, 2019                           Respectfully submitted,

                                       */s/ Gerald L. Maatman, Jr.*
                                          Gerald L. Maatman, Jr.
                                          Christopher J. DeGroff
                                          Christina M. Janice
                                          Michael D. Jacobsen
                                          Amanda I. Fry
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gmaatman@seyfarth.com
cdegroff@seyfarth.com
cjanice@seyfarth.com
mjacobsen@seyfarth.com
afry@seyfarth.com

- and -

    Thomas L. Stahl
RODEY, DICKASON, SLOAN,
 AKIN & ROBB, P.A.
Post Office Box 1888
Albuquerque, NM  87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
tstahl@rodey.com

*Attorneys for Defendants Real Time Staffing Services, LLC, EmployBridge, LLC and Employment Solutions Management, Inc.*

55930522v.5

## CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

SEYFARTH SHAW LLP

By:   */s/ Gerald L. Maatman, Jr.*
      Gerald L. Maatman, Jr.