## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| ROBERTA ARCHULETA, TIFFANI DIX, CHRISTELLA SANCHEZ, and BARBARA HOUSTON, | ) ) ) ) | CIV. NO.: 1:18-CV-005541-JAP-JFR |
| Intervenor-Plaintiffs, | ) ) | |
| v. | ) ) | |
| REAL TIME STAFFING SERVICES, LLC, f/k/a REAL TIME STAFFING SERVICES, INC., and EMPLOYMENT SOLUTIONS MANAGEMENT, INC., and EMPLOYBRIDGE LLC F/K/A NEW KOOSHAREM CORPORATION, d/b/a SELECT STAFFING, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### CONSENT DECREE

### I.  RECITALS

**1.**      This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("EEOC"), an agency of the United States under Title VII of the Civil Rights Act of

1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.  In the action, the EEOC alleges

Charging Parties/Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston,

Christella Sanchez and Aggrieved Individual Kristina Chavez were temporary staffing workers

employed by Defendants, Real Time Staffing Services, LLC, f/k/a Real Time Staffing Services,

Inc., Employment Solutions Management, Inc. and Employbridge LLC, f/k/a New Koosharem

Corporation, all doing business under the brand name of Select Staffing (collectively, "Defendants"). The EEOC alleges that Defendants engaged in unlawful discrimination in violation of Title VII, including, failing to promptly remedy or prevent the unlawful employment practices that adversely affected these employees working as Placed Employees at the Inspection of Public Records Act Unit of the Albuquerque Police Department ("APD-IPRA") and retaliating against them for opposing and reporting the discriminatory conduct of Defendants' client, APD-IPRA.  The EEOC alleges that Defendants failed to properly address sexual harassment of Charging Parties/Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and Aggrieved Individual Kristina Chavez by supervisory or managerial officials of APD-IPRA from at least September 2014 and continuing into 2015.

      2.      Plaintiff-Intervenors allege that Defendant Real Time Staffing Services, Inc., d/b/a Select Staffing (currently Real Time Staffing Services, LLC) engaged in unlawful employment practices against Plaintiff-Intervenors on the basis that it failed to take appropriate corrective actions to remedy or prevent a hostile or offensive work environment created by retaliation, racial discrimination, physical abuse, and harassment at APD-IPRA, where Defendants placed the Plaintiff-Intervenors on temporary assignments. While placed at APD-IPRA, Plaintiff-Intervenors were subjected to unwelcome sexual comments, physical contact, and harassment. Despite being advised of the workplace environment that Plaintiff-Intervenors were forced to endure, Defendants allegedly did nothing to protect Plaintiff-Intervenors or address their concerns and complaints.

      3.      After investigations by the EEOC and the U.S. Department of Justice, on or about May 3, 2019, the joint-employer, City of Albuquerque resolved the claims of sex, race, national origin discrimination and retaliation asserted against it by paying Roberta Archuleta, Tiffani Dix,

Barbara Houston, and Christella Sanchez the amount of $490,000.00 in settlement for the same alleged injuries at issue in this action.

4.     Defendants have denied all Plaintiffs' allegations of discrimination against them. Defendants assert that no Plaintiff has made allegations of sex harassment committed by managerial employees of Defendants. Nothing in this Consent Decree is an admission of liability by Defendants.

5.     The Parties to this Consent Decree ("Decree") are the Plaintiff EEOC, Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez, and the Defendants Real Time Staffing Services, LLC, f/k/a Real Time Staffing Services, Inc., Employment Solutions Management, Inc. and Employbridge LLC, f/k/a New Koosharem Corporation.

6.     The Parties, desiring to avoid all costs and expense of continued litigation, agree to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

7.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

8.     Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but will cooperate in the implementation of this Decree.

9.     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

10.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

11.     The Court will retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

## III.  DEFINITIONS

12.     Complaint of Discrimination, Harassment, or Retaliation – A complaint of discrimination, harassment, or retaliation will be any oral or written complaint that comes to the attention of a supervisor or manager of Defendants and makes allegations that are appreciated by the recipient of the complaint as an allegation of gender discrimination, harassment, or retaliation,  regardless of whether the employee complains in writing or expressly uses the terms "sexual," "discrimination," "harassment," or "retaliation."

13.     **EEO** – The term "EEO" will refer to the phrase "equal employment opportunity."

14.     **Effective Date** – The Effective Date of this Decree is the date on which the Court gives final approval to the Decree, after hearing, if required.

15.     **Identification of Aggrieved Individual and Charging Parties**:

      a.      **Aggrieved Individual** – Kristina Chavez.

      b.      **Charging Parties** – Plaintiff-Intervenors, Roberta Archuleta, Tiffani Dix, Barbara Houston and Christella Sanchez.

16.     **Days** – unless otherwise indicated, the word "days" in this Decree refers to calendar days.

17.     **Placed Employees** – employees hired by Defendants, who are placed with an employer-client of Defendants to perform work in temporary positions for the employer-client at the employer-client's work site, for which Defendants receive a fee.

## IV.  TERM, SCOPE AND ISSUES RESOLVED

18.     **Term:**  The duration of this Decree will be two and one-half (2.5) years from the Effective Date of this Decree.

19.     **Scope:**  The terms of this Decree will apply to Defendants' offices located in New Mexico as well as any of Defendants' operations in New Mexico. This includes all of Defendants' Placed Employees as well as any employees employed within Defendants' office locations in New Mexico. The terms of this Decree will also apply to any Human Resources and management employees of Defendants who are responsible for Defendants' operations in New Mexico.

20.     **Issues Resolved:**  This Decree resolves all claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all the EEOC's claims of unlawful employment practices that arose from the Charge(s) of Discrimination Number(s) 543-2015-00794, 543-2015-00813, 543-2015-00817 and 543-2015-00857.

21.     **Non-Waiver of EEOC Claims:**  Nothing in this Decree will be construed to preclude the EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section IX of this Decree. Neither does this Decree preclude the EEOC from filing lawsuits based on charges not resolved in this Decree.

## V.  MONETARY RELIEF

22.      In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC, Defendants agree to pay the total amount of $199,500.00 ("the Settlement

Amount") to resolve this matter. In return, the Charging Parties/Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez and Aggrieved Individual Kristina Chavez will execute a Release as to Defendants. The Release to be signed by Kristina Chavez is attached to this Decree as Exhibit A.  Any Release signed by the Charging Parties/Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston, and Christella Sanchez will be related to the claims made in their Intervenors' Complaint and must not be inconsistent with any provisions of this Decree.

23.     Defendants will not condition the receipt of individual relief upon an Aggrieved Individual's or the Charging Parties/Plaintiff-Intervenors' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

24.     Defendants' payment of the Settlement Amount to the Charging Parties/Plaintiff-Intervenors and the Aggrieved Individual identified by the EEOC represents payment of compensatory damages to Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez, and Kristina Chavez as well as attorneys' fees and gross receipts tax to David Foster, the attorney for Plaintiff-Intervenors. No portion of the Settlement Amount represents lost wages.

24.1     Payments designated as "compensatory damages" and "attorneys' fees and gross receipts tax" will be reported on IRS Form 1099 by Defendants and will not be subject to withholdings.

24.2     **Apportionment of Payment** – Within ten (10) days of the Effective Date of this Decree, the EEOC will provide Defendants with a final distribution list identifying amounts to be paid as compensatory damages to each of the Charging Parties/Plaintiff-

Intervenors and the Aggrieved Individual and amounts to be paid as attorneys' fees and gross receipts tax to Plaintiffs-Intervenors' counsel. The final distribution list will provide the name, address, and payment amounts for each. The final distribution list must be accompanied by a Release for Kristina Chavez in the form of Exhibit A and her signed W-9 form.  Within three (3) days of the EEOC's submission of the final distribution list as prepared and approved by the EEOC, the Charging Parties/Plaintiffs-Intervenors are responsible for sending Defendants their signed Releases, which must  be consistent with Exhibit A and their Intervenors' Complaint, and their signed W-9 forms.

      **24.3**    **Transmittal of Payments** – Within twenty (20) days after the EEOC provides the final distribution list, the signed IRS W-9 form, and the executed EEOC approved Release, and the Charging Parties/Plaintiff-Intervenors provide their signed Releases and their signed W-9 forms, Defendants will issue payment checks to the Charging Parties/Plaintiff-Intervenors, Plaintiff-Intervenors' counsel, and the Aggrieved Individual in the amounts specified in the final distribution list and mail all the checks to the addresses provided by the EEOC. Defendants will be responsible for all costs associated with the mailing and accurate distribution of the settlement amount as required by the final distribution list.

      **24.4**    **EEOC Discretion to Allocate Relief** – The EEOC retains the sole discretion to determine allocations of amounts of monetary relief to the Charging Parties/Plaintiff-Intervenors and the Aggrieved Individual pursuant to this Decree.

      **24.5**    **Copy of Checks to EEOC** – Within three (3) business days after payments are mailed to payees, Defendants must submit to the EEOC a copy of the checks issued.

24.6    **IRS forms** –Defendants will provide to each Charging Party/Plaintiff-Intervenor, Aggrieved Individual, and Plaintiff-Intervenors' counsel as applicable, an IRS Form 1099 for the compensatory damages amount, attorneys' fees and gross receipt taxes within ten (10) days after Defendants issue their IRS Form 1099 for the tax year 2020.

## VI.  OTHER INDIVIDUAL RELIEF

25.    **Expungement of Personnel Files:**  Within thirty (30) days of the entry of this Decree, Defendants must expunge from the Plaintiff-Intervenors' and the Aggrieved Individual's personnel files (a) any and all references to the charges of discrimination filed against Defendants that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; and (c) any and all references to the Plaintiff-Intervenors' or the Aggrieved Individual's participation in this action.

26.    **References:**  Starting thirty (30) days after the Court's entry of this Decree, should any prospective employer request a reference for any of the Plaintiff-Intervenors or Aggrieved Individual in this litigation, Plaintiff-Intervenors or the Aggrieved Individual will direct the prospective employer to Joshua Gleason, Vice President Human Resources at EmployBridge, who on behalf of Defendants must provide in response to the prospective employer's request a reference that states the dates of employment, position(s) held, and that each is eligible for re-hire.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

27.    Defendants, their officers, agents, successors, and other persons in active concert or participation with them, are enjoined from engaging in any employment practice which discriminates on the basis of sex, including but not limited to sexual harassment.

**28.**     Defendants, their officers, agents, successors, and other persons in active concert or participation with them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

### B.     EEO Policy and Record-Retention Review

**29.**     Within sixty (60) days of the Effective Date of this Decree, the Defendants will review and, if necessary, revise their existing EEO policies, including any sex harassment policies and harassment reporting procedures applicable to Defendants' offices in New Mexico and Defendants' operations in New Mexico, including operations affecting any employees or Placed Employees working in New Mexico. For at least the duration of this Decree, Defendants must maintain a comprehensive policy against harassment and retaliation.  These written EEO policies, anti-harassment policies, harassment reporting procedures, and anti-retaliation policies must include at a minimum:

> **a.**     A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment;

> **b.**     A strong and clear commitment to preventing retaliation;

> **c.**     A clear and complete definition of sexual harassment and retaliation;

> **d.**     A statement that discrimination based on sex, including but not limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

> **e.**     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

> **f.**     A detailed explanation of how complaints or reports can be made by employees, including but not limited to, the identification of all specific individuals, with

telephone numbers, cell phone numbers, and e-mail addresses, to whom employees can report their concerns about discrimination, harassment, or retaliation;

g.      A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

h.      An assurance that allegations of any activity that might be construed as unlawful discrimination will be investigated and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

i.      An assurance that appropriate corrective action will promptly be taken to make victims of harassment whole and to eradicate the unlawful conduct within its workforce;

j.      A description of the consequences, including specific disciplinary actions up to and including termination, that will be imposed upon violators of the anti-discrimination policies;

k.      A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

l.      An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

m.      An assurance that Defendants view retaliation against any individual who reports harassment as intolerable conduct that will be addressed immediately and with significant consequences to the retaliating official.

30.      Within sixty (60) days after completion of the policy review required under this Decree, any revised written EEO policies, specific policies addressing sexual harassment and retaliation, and any complaint reporting procedures must be distributed in written form electronically or by other means most practicable to all of Defendants' employees working in New Mexico, including any of Defendants' Placed Employees working or being onboarded through any of Defendants' offices in New Mexico. Thereafter, for the duration of this Decree, written EEO policies, anti-harassment policies and anti-retaliation policies and any complaint reporting procedures will be distributed in writing electronically or by other means most practicable to all new employees when hired by Defendants in New Mexico, specifically including the Placed Employees at Defendants' clients' worksites in New Mexico. Defendants must make the written EEO policies, anti-harassment policies and anti-retaliation policies, and complaint reporting procedures available in alternative formats, if necessary for persons with disabilities and for persons who do not read English. In addition, starting within seventy-five (75) days of the Effective Date of this Decree, Defendants must ensure that any new EEO Policy and harassment policies or procedures will be included within Defendants' onboarding process for all new hires of Placed Employees who are hired for placement in jobs with clients in New Mexico.

31.      Defendants will review and, if necessary, revise any policies or procedures they have regarding the creation of and/or maintenance of records relating to all oral or written complaints of sexual harassment and/or retaliation by Defendants' employees working in New

Mexico, including any of Defendants' Placed Employees working or being onboarded through any of Defendants' offices in New Mexico.  Defendants must assure that these policies or procedures for creation and/or maintenance of records relating to complaints include the following requirements for any persons responsible for receiving and addressing such employee complaints of harassment and/or retaliation:

      **31.1**    Document in writing any complaint of harassment and/or retaliation, even if the complaint is oral or the complainant does not want to provide a written statement;

      **31.2**    Document in writing any interview by the person(s) investigating the complaint;

      **31.3**    Document in writing all steps taken to investigate a complaint of harassment and/or retaliation;

      **31.4**    Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than 2 (two) years; and

      **31.5**    The record-retention system will, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews and any other materials pertaining to a complaint of sexual harassment, be promptly delivered to a clearly-designated, neutral custodian of records for the Defendants' employees working in New Mexico,  including any of Defendants' Placed Employees working or being onboarded through any of Defendants' offices in New Mexico for the duration of the Decree.  In turn, that custodian of records will be responsible for ensuring that all applicable records will be maintained in a searchable electronic maintenance system or otherwise searchable

document filing system. Additionally, Defendants will provide the EEOC in each report required by this Decree, the title and name of the current position holder for the person responsible for implementation and monitoring of this paragraph.

### C.   Training

**32.**   Defendants must provide EEO training, anti-harassment training, anti-retaliation training, training on complaint reporting procedures, and related onboarding information pursuant to this Paragraph 32 and the subparts below. All training under this Paragraph 32 will be at Defendants' selection and expense. If any trainee requires the use of a language interpreter or any reasonable accommodation to participate in the training, Defendants must provide one.

**32.1   Placed Employees**:  Within sixty (60) days of entry of this Decree, Defendants must provide training and orientation on Defendants' EEO Policies and anti-harassment policies, anti-retaliation training, and training on complaint reporting procedures going forward for newly-hired Placed Employees placed in New Mexico upon the Placed Employees' receipt of their first paychecks. Under this provision, Placed Employees will be offered training at a minimum in the following areas: (a) the Defendants' policy and procedures for reporting alleged sex discrimination; (b) understanding the kind of conduct which may constitute unlawful sex discrimination or harassment; (c) the penalties of engaging in discriminatory or retaliatory behavior; and (d) Defendants' non-retaliation policy. The training required during this onboarding process for newly hired Placed Employees must be thirty (30) minutes in duration and must be provided to each newly hired Placed Employee for the duration of this Decree. The training required by this Paragraph 32.1 may be provided by an outside vendor or a

qualified Human Resource Professional employed by Defendants and may be presented by online and/or computer training.

      **32.2**   **Non-Managerial Employees**:  Defendants must provide their non-managerial employees working in New Mexico who are not Placed Employees two (2) training sessions during the duration of this Decree, with the first training session taking place within sixty (60) days of entry of this Decree and the second training session taking place within the second year following the entry of this Decree. These non-managerial training sessions must each be a one-hour training session for each non-managerial employee working in New Mexico who does not receive training pursuant to Paragraph 32.1 above. Each of these annual training sessions will focus on sex discrimination, sexual harassment, retaliation, and applicable reporting procedures. The training under this Paragraph 32.2 may be provided by outside vendors or a qualified Human Resource or Legal Professional employed by Defendants.

      **32.3**   **Managerial, Human Resources and Supervisory Employees:** Defendants will provide all individuals who work in a managerial or supervisory capacity in New Mexico, including managers, assistant managers, recruiters, and Human Resources employees who support Defendants' operations in New Mexico two (2) training sessions during the duration of this Decree, with the first training session taking place within sixty (60) days of the entry of this Decree and the second training session taking place within the second year following the entry of this Decree.  These annual training sessions must each consist of at least two (2) hours of training regarding Title VII and other federal anti-discrimination laws.  For each of these training sessions, one (1) of the two (2) hours must directly address sex discrimination, sexual harassment and

retaliation. Additionally, for each training session, the other hour of the two (2) hour training must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including sexual harassment.  In each of these training sessions, Defendants will also emphasize with managerial and supervisorial employees that due to their position of overseeing the placement of the employees at clients' premises, such employees (a) must be particularly vigilant to complaints of discrimination from their "Placed Employees"; (b) must be sensitive of how their actions or words might be perceived by subordinate employees who are working offsite; and (c) must not  retaliate against any employee because a complaint is made, or might be made, against them.  Additionally, Defendants will require all employees who are newly-hired or recently promoted into a managerial or supervisory position or to an HR position serving New Mexico employees after the first of these training sessions is held and before the second of these training sessions is held and who did not take the first of these training sessions to complete two (2) hours of this training via a webinar or teleconference to be presented for any such newly-hired or recently promoted employees only, if any, once every three (3) months after the first training session is held and before the second training session is held.  Further, Defendants will require all employees who are newly-hired or recently promoted into a managerial or supervisory position or to an HR position serving New Mexico employees after the second of these training sessions is held and who did not take the second of these training sessions to complete two (2) hours of this training via a webinar or teleconference to be presented for any such newly-hired or recently promoted employees only, if any, once every three (3) months after the second training is held through the

duration of the Decree.  The training under this Paragraph 32.3 must be provided by a

qualified outside vendor(s) or a qualified Legal Professional employed by Defendants.

> **32.4    Training on Investigative Techniques:**  All employees with
responsibility for responding to or investigating complaints of discrimination arising from
Defendants' employees working in New Mexico, including Placed Employees, during the
duration of this Decree must be provided two (2) additional hours of training before
assuming any responsibility for investigations of discrimination complaints. Training
required by this Paragraph will include instruction on accepted professional standards for
receiving and investigating complaints of discrimination, including such matters as
witness interview techniques, other evidence-gathering techniques, maintaining
investigative notes and records, analysis of the evidence, and methods for eliminating and
ameliorating violations of anti-discrimination law.  The training under this Paragraph
32.4 must be provided by outside vendors or a qualified Legal Professional employed by
Defendants.

33.    Defendants agree that all their personnel as described in Paragraph 32 will be
offered the applicable training sessions as set forth in Paragraph 32 and that their completion
and/or attendance will be tracked in a manner that permits Defendants to provide EEOC a
registry(s) of attendance or certificate(s) of completion as required by Paragraph 40.4.

34.    Defendants agree that at each training session held pursuant to Paragraph 32
above, the Defendants will explain to employees what the EEOC is, the laws it enforces and
procedures for bringing a complaint to the EEOC, including requisite timelines and notifying
employees that they need not have an attorney nor is there any cost to approaching the agency.
Defendants will further specify that the EEOC is an agency of the United States that is

responsible for receiving and investigating complaints of discrimination from employees. At each of the training sessions held pursuant to Paragraph 32 above, Defendants must provide attendees a copy of the Notice attached hereto as Exhibit B.

35.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives will have the right to attend and observe any of the sessions. Defendants must provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D.     Notice Posting

36.     Within thirty (30) days after the Court's entry of this Decree, Defendants will post at the Albuquerque Office, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice must be the same type, style, and size as set forth in Exhibit B. The Notice will remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy.  Defendants must certify to the EEOC, in writing, within thirty (30) days of entry of this Decree that the Notice has been properly posted and will provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.     Discipline for Violation of Policies

37.     Upon entry of this Decree and for the duration of this Decree, Defendants agree that where an investigation determines that sex harassment or retaliation occurred in the Albuquerque Office or at any of its offices or any operations in New Mexico providing employment to Placed Employees, appropriate discipline will be administered to any employee

found to have violated Defendants' policy prohibiting discrimination in a prompt manner and proportionately to the conduct or behavior at issue and the severity of the infraction of Defendants' anti-harassment and anti-retaliation policies. In administering discipline for violations of Defendants' policy prohibiting discrimination during the term of this Decree, Defendants agree that they will take reasonable steps to maintain consistency of discipline. Additionally, for the duration of this Decree, Defendants agree that where they find harassment or retaliation of their Placed Employees at any locations of its customers in New Mexico, Defendants will document the finding in written form and advise the offending customer in writing to take appropriate action to end the harassment or retaliation.  In all cases, Defendants will take such action that Defendants determine is appropriate to address harassment and retaliation of their employees working in New Mexico.

Upon entry of this Decree and for the duration of this Decree. Defendants agree that where Defendants determine that any managerial employees, including but not limited to, all executives, managers, supervisors, and recruiters, have failed to take appropriate action(s) to prevent or correct harassment or retaliation against Defendants' employees and/or Placed Employees in New Mexico, Defendants will administer appropriate discipline to managerial employees for any of their failures to prevent or correct harassment or retaliation of employees and/or Placed Employees.

## VIII.  RECORD KEEPING AND REPORTING PROVISIONS

38.     For the duration of this Decree, Defendants must maintain all records concerning implementation of this Decree, including all of the following for the employees of the Defendants' offices in New Mexico, including its Placed Employees in New Mexico:

a.      Personnel files;

      **b.**     Payroll records;

      **c.**     Complaints of discrimination and records documenting investigation of such complaints, including any witness statements, documents compiled, conclusions and findings, and corrective and remedial actions taken; and

      **d.**     All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials.

    **39.**    Defendants must provide semi-annual reports to the Commission for each six-month period following the entry of this Decree.  The reports will be due thirty (30) days following the respective six-month period, except the final report which will be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

    **40.**    **Reporting Requirements:**  For **e**ach report required by Paragraph 39 above Defendants will provide the following information:

     **40.1**    **Reports of Discrimination:**  For purposes of this Paragraph the term "report of discrimination" will include any written or oral complaint made by employees of Defendants' offices in New Mexico, including its Placed Employees in New Mexico, to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this

should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

The report will include:

      **a.**      The name, address, email address, and telephone number of each person making a complaint of sex discrimination to Defendants or to any federal, state, or local government agency;

      **b.**      A brief summary of each complaint, including the date of the complaint, the Defendants' investigation and response to the complaint, and what, if any resolution was reached; and

      **c.**      Copies of all complaints of discrimination and copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**40.2**    **Complaints of Retaliation**: For purposes of this Paragraph, the term "complaint of retaliation" will include any written or oral complaint made by employees of Defendants' offices in New Mexico, including its Placed Employees in New Mexico, which alleges retaliation for activity that is protected under Title VII or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

The report will include:

      **a.**     The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

      **b.**     A brief summary of each complaint, including the date of the complaint, the Defendants' investigation and response to the complaint, and what, if any resolution was reached; and

      **c.**     Copies of all complaints of retaliation and copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**40.3   Expungement of Personnel Files**: The first report must include a report on the expungement of Plaintiff-Intervenors' and the Aggrieved Individual's personnel files as required under Paragraph 25 above.

**40.4   Training:** For each training program required under this Decree, and conducted during the reporting period, Defendant must submit a registry of attendance or certificates of completion. For each training program conducted by an outside vendor or qualified Human Resource or Legal Professional employed by Defendants, Defendants will identify the vendor or Human Resource or Legal Professional used, provide a resume or CV, and provide a copy of the program agenda.

**40.5   Posting of Notice**: Defendants will recertify to the EEOC that the Notice required to be posted under this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**40.6   Policy Review:** Defendants must report on the status of the EEO, anti-harassment and retaliation policy review process required under this Decree.

40.7   **Record Keeping:**  Defendants must report on the creation and/or revision of any records keeping policies or practices required under this Decree.

40.8   **Discipline:**  In the event that Defendants determine that discipline is appropriate pursuant to Paragraph 37 of the Decree, Defendants will report only the date that any such discipline was issued, the name of the official who was the subject of such discipline, the job title of the official who was the subject of such discipline, and the facility/location at which the official worked.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

41.   This Court will retain jurisdiction of this cause for purposes of compliance with this Decree.

42.   There is no private right of action to enforce Defendants' obligations under the Decree and only the EEOC or Plaintiffs-Intervenors, or their successors or assigns, may enforce compliance herewith.

43.   The EEOC or Plaintiffs-Intervenors may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

44.   In the event that the EEOC or Plaintiff-Intervenors believes that Defendants have failed to comply with any provision of this Decree, the complaining party will notify Defendants of the alleged non-compliance within thirty (30) business days of the discovery of the alleged non-compliance and must afford Defendants fifteen (15) business days to remedy the alleged non-compliance or satisfy the complaining party that compliance has occurred.  If Defendants

have not remedied the alleged non-compliance or satisfied the complaining party that Defendants have complied within the fifteen (15) day cure period permitted by this Paragraph, the complaining party may apply to the Court for appropriate relief.

45.     Absent extension, this Decree will expire by its own terms at the end of the 30th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

46.     With respect to matters or charges outside the scope of this Decree, this Decree will in no way limit the powers of the EEOC to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims resolved by this Decree.

## XI.  COSTS AND ATTORNEY'S FEES

47.     Each party will be responsible for and will pay its own costs and attorney's fees, except for, as set forth in Section V at Paragraph 24 of this Decree, the attorney's fees and gross receipts tax paid to David Foster, the attorney for Plaintiff-Intervenors.

## XII.  NOTICE

48.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree will be sent by electronic mail to the Parties' representative(s) as follows:

| For Plaintiff:<br>Equal Employment<br>Opportunity Commission | For Intervenor-Plaintiffs:<br>Roberta Archuleta, Tiffani<br>Dix, Barbara Houston,<br>Christella Sanchez | For Defendants:<br>Real Time Staffing Services,<br>LLC, Employment Solutions<br>Management, Inc., and<br>Employbridge LLC, d/b/a<br>Select Staffing. |
|---|---|---|
| Jeff A. Lee<br>Loretta Medina<br>505 Marquette NW, Ste. 900 | David Foster<br>FOSTER LAW FIRM, P. C.<br>210 Montezuma Ave.,<br>Ste. 200 | Gerald L. Maatman, Jr.<br>Christopher J. DeGroff<br>Christina M. Janice<br>Michael D. Jacobsen |

Albuquerque, NM 87102          Santa Fe, NM 87501          SEYFARTH SHAW LLP
(505) 738-672                  (505) 216-1502              233 S. Wacker Dr., Ste 8000
                                                           Chicago, Illinois 60606-6448
                                                           (312) 460-5232

## XIII.  SIGNATURES

**49.**     The Parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this _____ day of _____, 2020.

                              BY THE COURT:


                              _____
                              Honorable James A. Parker
                              United States District Judge

BY CONSENT:

By: _Mary Jo O'Neill_                By: _Sharon O.G._

Mary Jo O'Neill                      Sharon O. Greenbaum
Regional Attorney                    Representative for Defendants Real Time
                                     Staffing Services, LLC, Employbridge,
                                     LLC and Employment Solutions
                                     Management, Inc.

Date: _2/10/2020_                    Date: _2.11.2020_

By: _S/David Foster XM_

David Foster
Attorney for Intervenor-Plaintiffs,
Roberta Archuleta, Tiffani Dix,
Barbara Houston, Christella Sanchez

Date: _2/10/2020_


APPROVED:

_Loretta Medina_

Jeff A. Lee
Trial Attorney

Loretta Medina
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMM.
505 Marquette NW, Ste. 900
Albuquerque, NM 87102
(505) 738-6723
jeff.lee@eeoc.gov
loretta.medina@eeoc.gov

Attorneys for Plaintiff EEOC

_S/David Foster XM_

David Foster
FOSTER LAW FIRM, P. C.
210 Montezuma Ave., Ste. 200
Santa Fe, NM 87501
(505) 216-1502
fosterlawfirm@gmail.com

Attorney for Intervenor-Plaintiffs

_Gerald L. Maatman, Jr._

Gerald L. Maatman, Jr.
Christopher J. DeGroff
Christina M. Janice
Michael D. Jacobsen
SEYFARTH SHAW LLP
233 S. Wacker Drive, Ste 8000
Chicago, Illinois 60606-6448
(312) 460-5000
gmaatman@seyfarth.com
cdegroff@seyfarth.com
cjanice@seyfarth.com
mjacobsen@seyfarth.com

Thomas L. Stahl
RODEY, DICKASON et al.
P.O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
tstahl@rodey.com

Attorney for Defendants Real Time Staffing Services, LLC, Employbridge LLC, and
Employment Solutions Management, Inc.

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   )
                                                            )
       Plaintiff,                                      )
                                                            )
and                                                               )
                                                            )
ROBERTA ARCHULETA, TIFFANI DIX,          )     Case No:
CHRISTELLA SANCHEZ, and BARBARA HOUSTON,  )     1:18-CV-00541-JAP-JFR
                                                            )
              Intervenor-Plaintiffs,      )
                                                            )
       v.                                       )
                                                            )
REAL TIME STAFFING SERVICES, LLC, f/k/a    )
REAL TIME STAFFING SERVICES, INC., and     )
EMPLOYMENT SOLUTIONS MANAGEMENT, INC.,  )
and                                                          )
EMPLOYBRIDGE LLC F/K/A NEW KOOSHAREM  )
CORPORATION, d/b/a SELECT STAFFING,    )
                                                            )
              Defendants.          )

## <u>RELEASE</u>

In consideration for $ _____ paid to me by Real Time Staffing Services, LLC, f/k/a Real Time Staffing Services, Inc., Employment Solutions Management, Inc., and Employbridge LLC f/k/a New Koosharem Corporation, d/b/a Select Staffing ("Defendants"), in connection with the resolution of *EEOC and Intervenor-Plaintiffs v. Real Time Staffing Services, LLC, et al.*, Case No. 1:18-CV-00541-JAP-JFR, I waive my right to recover for any claims of sex discrimination or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Defendants prior to the date of this release and that were included in the claims alleged in EEOC's First Amended Complaint (Document # 52) in *EEOC, et al. v Real Time Staffing Services, LLC, et al.*, Case No. 1:18-CV-00541-JAP-JFR.

Date: _____             Signature: _____

                                              Kristina Chavez

**EXHIBIT B**

<u>**NOTICE**</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC and Plaintiff-Intervenors Roberta Archuleta, Tiffani Dix, Barbara Houston, Christella Sanchez v. Real Time Staffing Services, LLC, f/k/a Real Time Staffing Services, Inc., Employment Solutions Management, Inc. and Employbridge LLC, f/k/a New Koosharem Corporation, all doing business under the brand name of "SELECT STAFFING"; filed in the United States District Court for the District of New Mexico, Civil Action No. 1:18-CV-00541-JAP-JFR.

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Title VII applies to Select Staffing and to the employers to whom Select Staffing assigns staffing employees.

Select Staffing will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances;

- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature;

- Sexual comments or innuendo;

- Requests for sexual favors;

- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex; and

- Treating female employees less favorably than male employees.

If you personally experience or witness any of the above types of behavior or any other form of sexual harassment, hostility, or disparate treatment at any of Defendants' offices in New Mexico or at any employer to whom you are assigned as a temporary staffing employee, you are encouraged to contact one of the following persons, all of whom are equipped to communicate with you in either English and Spanish or can refer you to an individual who can help you who is able to communicate in your preferred language:

Kim Peters, EmployBridge Director of Employee Relations
(866) 677-5711 ext. 5
kim.peters@employbridge.com

- OR -

•   Equal Employment Opportunity Commission
505 Marquette NW, Suite 900

Albuquerque, NM 87102
(505) 248-5201 or at the Public Portal at www.eeoc.gov.

Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

In compliance with federal law, no official at Select Staffing will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two and one-half (2.5) years.

By: Kim Peters, EmployBridge Director of Employee Relations